IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUBEN RICHARD CRAIG, III,**<br>  Petitioner,<br><br>         v.<br><br>**DIGUGLIELMO, et al.,**<br>  Respondents. | C.A. No. 09-276 Erie<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [Document # 10] be denied.

**II.  REPORT**

   **A.   Relevant Procedural and Factual History**[1]

This is a petition for writ of habeas corpus filed by a state prisoner incarcerated at the State Correctional Institution at Graterford, Pennsylvania, where he is serving a sentence of 4 to 10 years of imprisonment, as a result of being found guilty of two counts of aggravated assault, and one count each of recklessly endangering another person and possessing instruments of crime. (Petition at ¶¶ 3-5). The sentence was imposed by the Erie County Court of Common Pleas on November 10, 2004. (Id. at ¶¶ 1-2). Petitioner filed a direct appeal of his conviction to the Pennsylvania Superior Court, which affirmed the conviction and sentence on May 9, 2006. (Id. at ¶ 9(a)-(d)). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. (Id. at ¶ 9(g).

On May 30, 2006, Petitioner filed a timely petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA petition"), claiming ineffective assistance of trial counsel. This

---

   [1] References to the State Court Records [Document # 15] are cited as "SCR ___."

petition was denied on November 20, 2006. (Id. at ¶ 11(a)). Petitioner filed a timely appeal from the denial of his PCRA petition to the Pennsylvania Superior Court, which affirmed the denial on November 17, 2008. (Id. at ¶ 11(b)).

The instant Petition was received by this Court on November 2, 2009, and raises claims of ineffective assistance of counsel. Respondents have filed a motion to dismiss arguing that Petitioner's habeas petition was filed beyond the expiration of the applicable one-year statute of limitations and must be dismissed as untimely [Document # 10]. Petitioner has since filed a response to Respondents' motion to dismiss. [Document # 14]. Respondents' motion is now ripe for consideration.

### B. Statute of Limitations.

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2255(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2255(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2255(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2255(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, on direct review, Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on June 8, 2006, the latest date on which the thirty day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Pa.R.A.P. 1113(a); see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Prior to the expiration of his direct review appeal period, however, Petitioner filed a PCRA petition on May 31, 2006, which tolled the statute of limitations. The PCRA petition was denied on November 20, 2006; however, Petitioner filed a timely appeal from the denial with the Pennsylvania Superior Court, thus extending the tolling period. The Superior Court affirmed the denial on November 17, 2008, at which point the one year statute of limitations period began to run. As a result, Petitioner had until November 17, 2009, to file a timely habeas corpus petition.

The instant habeas petition was received by this Court on November 12, 2009, prior to the expiration of the statutory limitations period. Moreover, as Petitioner appropriately contends in his response to Respondents' motion to dismiss, the petition must be deemed to have been filed on the date he placed it in the hands of his prison unit manager for mailing, pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth

v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). As evidenced by the letter from Petitioner's unit manager attached to Petitioner's response, the date of mailing of the petition was October 13, 2009. (See Document # 14 at p. 3). Thus, Petitioner filed the instant petition well within the statutory time period prescribed by 28 U.S.C. § 2255(d). Accordingly, Respondents' motion to dismiss the instant petition as untimely should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [Document # 10] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 30, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge